1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  WELLS FARGO BANK, N.A.,       )   CV 15-7768 RSWL (PJWx)
                                  )
12                Plaintiff,      )
           v.                     )   **ORDER Re: PLAINTIFF'S** *EX*
13                                )   *PARTE* **APPLICATION FOR**
    JULIA A. WEEMS, an            )   **TEMPORARY RESTRAINING**
14  individual; JULIA WEEMS       )   **ORDER AND PRELIMINARY**
    LLC, a Delaware Limited       )   **INJUNCTION** [9]
15  Liability Company; TERESITA   )
    BHAKTA GRANTOR TRUST, form    )
16  of entity unknown; JPMORGAN   )
    CHASE BANK, N.A., a           )
17  National Banking              )
    Association; and DOES 1-20,   )
18  inclusive,                    )
                                  )
19                Defendants.     )
    _____)
20

21       On October 08, 2015, this Court issued an Order

22  [32] granting Plaintiff Wells Fargo Bank's ("Plaintiff")

23  *Ex Parte* Application for Temporary Restraining Order and

24  Preliminary Injunction [9], thereby entering a temporary

25  restraining order against Defendants [32].  This Court

26  further ordered that Defendants Julia A. Weems

27  ("Weems"), Julia Weems, LLC ("JWLLC"), the Teresita

28  Bhakta Grantor Trust ("Trust"), and Chase Bank ("Chase")

                                1

(collectively "Defendants") show cause as to why they should not be restrained and enjoined pending trial of this action from moving, transferring, or otherwise using the funds at issue in the action [32]. **THIS COURT NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Plaintiff's Application [9], and hereby issues a preliminary injunction against Defendants until resolution of this matter at trial.

## I.   BACKGROUND

On September 1, 2015, Defendants Julia A. Weems ("Weems"), Julia Weems, LLC ("JWLLC"), and the Teresita Bhakta Grantor Trust ("the Trust"), opened a deposit account at Wells Fargo (the "Wells Fargo Account") by executing a Consumer Account Application ("the Application") and depositing a U.S. Treasury check in the amount of $526,280.64 .  Compl. ¶ 11; Declaration Of Benita Sheffield ("the Sheffield Declaration") 2:20-25. On September 1, 2015, Weems also executed, on behalf of herself and JWLLC, a California Certification of Trust. Sheffield Decl. 2:26-3:2.  In the Application, Defendants acknowledged that they had "'received a copy of the applicable account agreement...and agreed to be bound by [its] terms."  Id. at 3:3-6 (citing id., Consumer Account Agreement, Ex. 3).

On September 15, 2015, Plaintiff Wells Fargo ("Plaintiff") received a Notice of Levy from the Internal Revenue Service ("IRS"), which identified the Trust and JWLLC as the affected taxpayers and stated an

amount due of $638,698.36.  Compl. ¶ 12; Sheffield Decl. 3:12-15; see Sheffield Decl., Ex. 5.

On September 21, 2015, Weems withdrew $500,000.00 ("the Funds") from the Wells Fargo Account and purchased a cashier's check in the amount of $500,000.00 that was made payable to JWLLC.  Compl. ¶ 13; Sheffield Decl. 3:18-23.  Weems also withdrew $500.00 from an ATM. Compl. ¶ 13.  At the time of the withdrawals, Defendants Weems, the Trust, and JWLLC were allegedly in contravention of the IRS levy and had not presented a Release of Levy from the IRS to Wells Fargo.  Id.  On September 21, 2015, Weems deposited the check at issue into an account maintained by JWLLC at a branch of JPMorgan Chase ("the Chase Account").  Id. at ¶ 15. Chase accepted the check for deposit and credited the Chase Account on September 21, 2015.  Id. at ¶ 16.

After discovering that the Funds had been withdrawn from the Wells Fargo Account in contravention of the IRS levy, Wells Fargo debited the Wells Fargo Account in the amount of $526,280.64, which resulted in an overdraft of the Wells Fargo Account by $500,625.00.  Id. at ¶ 17. Defendants Weems, JWLLC, and the Trust have not returned the Funds or otherwise reimbursed Wells Fargo.  Id. at ¶ 18.

On October 5, 2015, Plaintiff filed its Ex Parte Application for Temporary Restraining Order and Preliminary Injunction [9], requesting that this Court issue a temporary restraining order against Weems,

JWLLC, the Trust, and Chase Bank ("Chase") (collectively
"Defendants").   On October 8, 2015, this Court granted
Plaintiff's Application, and issued a temporary
restraining order against Defendants [32].
Additionally, the Court ordered Plaintiff to serve a
copy of its Order [32], the Complaint, and the
supporting papers on Defendants within five days.   The
Court further ordered that Defendants show cause as to
why they should not be restrained and enjoined, pending
trial of this action, from moving, transferring, or
otherwise using the Funds from the Chase Account.   The
Court ordered Defendants to file their response to its
order to show cause no later than October 22, 2015 at
9:00 a.m., and ordered Plaintiff to file its reply no
later than November 5, 2015 at 9:00 a.m.   In the
interim, the Court restrained and enjoined Defendants
from moving, transferring, or withdrawing the Funds from
the Chase Account pending the Court's decision on the
order to show cause.

On October 14, 2015, Plaintiff filed a supplemental
brief [43], providing the Court with proof of completion
of service of the requisite documents, as per this
Court's Order [32].   In its supplemental brief,
Plaintiff noted that "Chase, through its attorney, has
stated that it will not oppose the OSC re: preliminary
injunction."  Pl.'s Supp. Brief, ECF No. 43, 3:5-6.   On
November 3, 2015, Weems filed an Affidavit [60] denying
many factual allegations in Plaintiff's Complaint, but

4

1  failing to address the order to show cause.  Defendants
2  JWLLC and the Trust have not filed responses.  On
3  November 5, 2015, Plaintiff filed its Reply [61],
4  requesting that this Court issue a preliminary
5  injunction against Defendants pending resolution of this
6  matter at trial.

7      On November 13, 2015, Plaintiff requested that the
8  Clerk of this Court enter default against Defendants
9  JWLLC and the Trust [65].  On November 16, 2015, the
10 Clerk entered default against JWLLC and the Trust [67].
11 On November 17, 2015, Plaintiff requested that the Clerk
12 of this Court enter default against Defendant Weems
13 [68].  On November 18, 2015, the Clerk entered default
14 against Weems [69].  Plaintiff has not yet filed any
15 applications for default judgment.

16                    **II.   ANALYSIS**

17 **A.   Legal Standard**

18     1.   Preliminary Injunction

19     Injunctive relief is an "extraordinary remedy."
20 Winter v. Natural Res. Def. Council Inc., 555 U.S. 7, 9
21 (2008).  "[A]n injunction cannot issue merely because it
22 is possible that there will be an irreparable injury to
23 the plaintiff; it must be likely that there will be."
24 Am. Trucking Ass'ns, 559 F.3d at 1052 (citing Winter,
25 555 U.S. at 21).

26     Temporary restraining orders are governed by the
27 same standard applicable to preliminary injunctions.
28 Niu v. United States, 821 F. Supp. 2d 1165, 1167 (C.D.

Cal. 2011); <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); <u>see</u> Fed. R. Civ. P. 65.   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."   <u>Am. Trucking Ass'ns v. City of L.A.</u>, 559 F.3d 1046, 1052 (9th Cir. 2009).   The same showing is required for the issuance of a temporary restraining order.   <u>See</u> <u>id.</u>, 559 F.3d 1046, 1052 (9th Cir. 2009); <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008)); <u>see also</u> <u>Puruganan v. HSBC Bank USA, Nat'l Ass'n</u>, No. 12-05168, 2012 WL 5503542, at *2 (N.D. Cal. Nov. 13, 2012).   "The court may issue a preliminary injunction only on notice to the adverse party."   Fed. R. Civ. P. 65(a).

**B.   <u>Analysis</u>**

     Plaintiff asserts that it is entitled to a temporary restraining order, and subsequently a preliminary injunction, because (1) it is likely to succeed on the merits of its claims against Chase, (2) it is likely to succeed on the merits of its claims against Defendants Weems, the Trust, and JWLCC, (3) it is likely to suffer irreparable harm in the absence of preliminary relief, (4) the balance of equities tips in favor of granting an injunction, and (5) an injunction

1    is in the public interest.   See generally Pl.'s Ex Parte
2    App.   This Court previously issued a temporary
3    restraining order against Defendants [32].   Plaintiff
4    now requests imposition of a preliminary injunction [9,
5    61], enjoining Defendants from moving, transferring or
6    withdrawing the Funds.   This Court **GRANTS** Plaintiff's
7    Application for Temporary Restraining Order and
8    Preliminary Injunction [9], and hereby issues a
9    preliminary injunction against Defendants pending
10   resolution of this matter at trial.

11          1.   Defendants were given proper notice of the
12               preliminary relief.

13        In granting the temporary restraining order, this
14   Court ordered that "Plaintiff shall serve a copy of this
15   Order, the Complaint, and the supporting papers on all
16   Defendants within five days, and file Proof of Service
17   thereon."   Order, ECF No. 32, 14:5-8.

18        Upon review of Plaintiff's Supplemental Brief [61],
19   this Court finds that Plaintiff properly served the
20   requisite documents to all Defendants within the
21   allotted time[1], and as such, Defendants were given
22   proper notice of the issued temporary restraining order,
23   and this Court's order to show cause as to why
24   Defendants' should not be preliminarily restrained.

25          2.   Plaintiff has demonstrated all of the requisite
26
27   _____
28        [1]See Supp. Decl. of Leigh O. Curran, Exs. A-E.

7

<u>elements for issuance of a preliminary</u>

<u>injunction.</u>

a. *Plaintiff is likely to succeed on the merits of its claims against Chase.*

The Court finds that Plaintiff is likely to succeed on the merits of its claims against Chase.  In its Complaint, Plaintiff seeks an imposition of a constructive trust on the Funds.  Additionally, Plaintiff seeks declaratory relief against all Defendants, requesting a judicial declaration that Plaintiff is entitled to possession of the Funds.

California Civil Code section 2224 provides that: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."  Cal. Civ. Code § 2224.

As this Court found in its previous Order [32], Plaintiff puts forth ample evidence in support of its contention that Defendants Weems and JWLLC are in possession of the Funds in contravention of the IRS levy, and as a result Chase gained the Funds by a "wrongful act" within the meaning of section 2224.[2]

_____

[2]In support of this claim, Plaintiff attached the Notice of Levy on the Wells Fargo Account.  <u>See</u> Sheffield Decl. Ex. 5.  The Notice shows that on September 14, 2015 the IRS informed Plaintiff of the levy against the Funds.  Plaintiff attached a

Chase is therefore an "involuntary trustee" of the Funds, for the benefit of Wells Fargo.

Significantly, Plaintiff notes that Chase, through its attorney, has stated that it does not intend to oppose the preliminary injunction.  Pl.'s Supp. Brief 3:5-6; see Decl. of Leigh O. Curran ¶ 3 [44].  Chase has not filed a response to this Court's previous Order and OSC [32], and the time provided to do so has elapsed. In review of the evidence before this Court, and in light of Chase's decision to not oppose the OSC regarding a preliminary injunction, the Court finds that Plaintiff is likely to succeed on the merits of the relief sought against Chase.

        b.   *Plaintiff is likely to succeed on the merits of its claim against Weems, the Trust, and JWLLC.*

The Court finds that Plaintiff is likely to succeed on the merits of its claim against Defendants Weems, the Trust, and JWLLC.  Plaintiff alleges that Weems, the Trust, and JWLLC breached the Account Agreement ("the Agreement") they signed when they completed their Application and opened their deposit account with Plaintiff.  Compl. ¶ 24.

---

copy of the withdrawal slip and receipt noting Weems withdrawal of the Funds from the Wells Fargo Account on September 21, 2015. See Sheffield Decl. Ex. 6.  Further, Plaintiff attached an inclearings copy of the withdrawal receipt from Chase dated September 21, 2015, which shows that Chase received the Funds. See Sheffield Decl. Ex. 8.

In the Agreement, Weems, the Trust, and JWLLC agreed to be individually and jointly liable for any overdraft of the Wells Fargo Account.  See Sheffield Decl. Ex. 1.  In the Application, the aforementioned parties agreed that they would make a deposit or transfer of funds to promptly return the account to a positive balance.  See id. Ex. 3., p. 37.  Further, in their Application, Weems, the Trust, and JWLLC acknowledged that they had "received a copy of the applicable account agreement . . . and agreed to be bound by [its] terms."  See id. Ex. 1., p. 3. Plaintiff contends that the Agreement was breached when Weems, the Trust, and JWLLC removed the Funds from the Wells Fargo Account, caused an overdraft of the Account by $500,625.00, and failed to promptly return the account to a positive balance.  As a proximate cause of the breach, Plaintiff alleges that it has been damaged in an amount no less than $500,625.00.  Compl. ¶¶ 4-6.

Further, in response to this Court's previous order to show cause [32], Defendants put forth no argument as to whether Plaintiff would be unlikely to succeed on its claims or why Defendants should not be preliminarily restrained.  As discussed above, Chase has stated that it will not oppose an issuance of a preliminary injunction.  Defendants JWLLC and the Trust have not responded in any fashion to Plaintiff's *Ex Parte* Application or this Court's previous Order.  Defendant

Weems did not respond to this Court's previous Order, but instead filed an affidavit challenging various facts put forth in Plaintiff's filings, such as Weems' knowledge of the IRS lien and whether the Wells Fargo account was ever overdrawn. See V. Aff. by Specific Neg. Averment 2:13-14, 3:7-10 [60].

Considering the evidence before the Court, this Court finds, as it did in its previous Order [32], that Plaintiff is likely to succeed on the merits of its breach of contract claim against Weems, the Trust, and JWLLC.

> c. *Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, and the balance of equities tip in favor of granting an injunction.*

This Court found in its previous Order that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. Order, ECF No. 32, 11:8-12:2. At present, this Court finds that Plaintiff is no less likely to suffer irreparable harm.

Again, upon review of the Notice of Levy, it appears that Defendants Weems and JWLLC were aware of the lien and thus deliberately sought to avoid payment of the levy. If Weems, JWLCC, or the Trust are allowed to withdraw or use the Funds, Plaintiff will not have the means to satisfy the levy and thus Plaintiff could potentially be responsible to the IRS for up to

$500,000.00.   There is no evidence before the Court, however, that indicates that Chase would likely be liable for the payment of the levy.   Finally, Defendants Weems, JWLLC, and the Trust have not put forth any argument, either in response to Plaintiff's *Ex Parte* Application [9] or this Court's order to show cause [32], that Plaintiff would not suffer irreparable harm absent preliminary relief or that the balance of equities tips in their favor.

As such, upon consideration of the evidence now before the Court, the Court finds that Plaintiff would likely suffer irreparable harm if preliminary relief was not granted, and the balance of equities tips in favor of granting preliminary relief.

> d.   *A preliminary injunction is in the public interest.*

As discussed in this Court's previous Order, the public has an interest in ensuring that the IRS is able to collect taxes from those that owe them.   Plaintiff seeks preliminary relief that prohibits Chase from releasing the Funds to Weems, JWLLC, or the Trust, at least until resolution of the tax levy dispute.   If this Court were to grant the preliminary relief sought by Plaintiff, it would ensure that $500,000.00 would be available to satisfy the $638,698.36 subject to the IRS tax levy against the Wells Fargo Account.   As such, the Court again finds that this factor weighs in favor of

granting the preliminary relief.

        e.   *The Court should not require a bond because Defendants will suffer no harm if a preliminary injunction were to be granted in error.*

"When determining the appropriate amount of an injunction bond under Federal Rule of Civil Procedure 65(c), the district court is afforded wide discretion in setting the amount of the bond." <u>Innersvingen AS v. Sports Hoop, Inc.</u>, Case No. CV 12-05257R(JCGx), 2012 WL 3048363 at *2 (C.D. Cal. July 26, 2012) (referencing <u>Walczak v. EPL Prolong, Inc.</u>, 198 F.3d 725, 733 (9th Cir. 1999)). "The bond amount may be zero if there is no evidence the party will suffer damages from the injunction." <u>Connecticut General Life Ins. Co. v. New Images of Beverly Hills</u>, 321 F.3d 878, 882 (9th Cir. 2003) (citing <u>Gorbach v. Reno</u>, 219 F.3d 1087, 1092 (9th Cir. 2000)).

This Court finds, similarly as to its previous Order [32], that Defendants would suffer no harm if a preliminary injunction were to be granted in error. Considering the evidence proffered to the Court, Chase would not be liable for the Funds because its deposit account is not subject to the IRS levy. Additionally, as Plaintiff notes in its *Ex Parte* Application, there is "no risk of injury to the defendants in the event of an improvidently granted restraint" because the Funds are

subject, in their entirety, to an IRS levy.  Pl.'s Ex Parte App. 6:27-7:1.  Accordingly, had Defendants not withdrawn the Funds from the Wells Fargo Account, they nonetheless would not be able to use any of the $500,000.00 now at issue, as Defendants no longer had a right to the Funds.  Finally, Defendants put forth no argument, in response to either Plaintiff's *Ex Parte* Application or this Court's previous Order, that a bond should be required.  Chase is not opposing an imposition of a preliminary injunction and Weems did not address the issue in her Affidavit.

Accordingly, this Court finds that there is no evidence that Defendants will suffer harm if a preliminary injunction is granted in error.  The Court therefore declines to require Plaintiff to post a bond pursuant to its discretion under Federal Rule of Civil Procedure 65(c).

Plaintiff's Motion is **GRANTED** and a preliminary injunction is hereby issued against Defendants, pending resolution of this Action at trial.  Plaintiff is not required to post a bond.

**GOOD CAUSE APPEARING, IT IS ORDERED:**

1.   Plaintiff shall serve a copy of this Order on all Defendants within five days, and file Proof of Service thereon.

2.   Weems, JWLLC, the Trust, their officers, agents, servants, employees, and attorneys, and

14

all other persons who are in active concert or participation with anyone described above, are restrained and enjoined from moving, transferring, or withdrawing the Funds from the JPMorgan Chase account, and from otherwise using or spending such proceeds, pending resolution of this action at trial.

3.   JPMorgan Chase, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with anyone described above, are restrained and enjoined from permitting the movement, transfer, withdrawal, or use of the proceeds of the Funds from the JPMorgan Chase Account, pending resolution of this action at trial.

4.   No bond is required.


DATED: December 11, 2015   s/ RONALD S.W. LEW
                           **Honorable Ronald S.W. Lew**
                           Senior U.S. District Judge

15